**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LAURI WILLIAMS                                                                                   PLAINTIFF

v.                                                       **4:24-cv-00692-JM**

UNITED STATES OF AMERICA                                                          DEFENDANT

## <u>ORDER</u>

Pending is a motion to dismiss filed by the United States that raises challenges to this Court's subject matter jurisdiction. (Doc. No. 25). This is the government's second motion to dismiss, following the filing of Plaintiff's second amended complaint. Plaintiff has responded to the motion, and the government has filed a reply. (Doc. Nos. 29-30). For the reasons stated below, the motion is granted.

<u>Allegations in the Second Amended Complaint</u>

Plaintiff brings this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). According to her second amended complaint (SAC) (Doc. No. 23), Lauri Williams is a Navy veteran. On March 9, 2022, Plaintiff went to Baptist Health North Little Rock because of an ulcer on her tongue. A biopsy determined she had invasive squamous cell carcinoma. On April 20, 2022, she underwent surgery at Baptist Health Little Rock (a right partial glossectomy and a right modified radical neck dissection). Pathology reports indicated that she needed follow up radiation, and she was referred by Baptist NLR to CARTI. Plaintiff underwent radiation from June 2 through July 21, 2022 at CARTI.

Plaintiff alleges that she sought VA care coordination during "mid-2022." While the VA authorized initial consultations, she alleges the VA "repeatedly failed to approve timely follow-up appointments and appropriate referrals" causing delays in "surveillance and essential symptom management." Plaintiff alleges that by October 2022, she required intensified

rehabilitation as a direct consequence of her cancer and treatment. After her oncologist at CARTI identified a suspicious lymph node, a biopsy conducted on January 18, 2023 confirmed that her SSC had metastasized to a neck lymph node.

At this point Plaintiff alleges that she promptly informed the VA oncology department and sought authorization for urgent surgical care to be performed at CARTI. The VA denied her authorization to receive her care at CARTI "citing Mission Act ineligibility due to drive-time criteria and stating Plaintiff could receive equivalent oncology care at CAVHS." The VA also refused to expedite or reconsider its denial.

Plaintiff alleges that on January 17, 2023, she went to VA oncology at Central Arkansas Veterans Healthcare System (CAVHS) "in desperation." The VA staff placed her in a room "but failed to perform any physical examination or clinical assessment." Plaintiff alleges that one doctor came in and told her "I don't care about you" while the other doctor looked on. She left without getting any medical care.

On February 28, 2023, Plaintiff underwent surgery at Baptist LR. She alleges that her condition was urgent, and her recovery was worsened, as a result of delayed intervention and lack of adequate follow-up. Plaintiff alleges that the VA continued to deny authorization for her ongoing CARTI treatment, that her insurance was improperly billed, and the VA maintained its position that Plaintiff was financially responsible for the "outside" medical bills.

On April 23, 2023 Plaintiff filed a formal administrative tort claim regarding what she characterized as abandonment of care, abusive conduct, and the damage it caused her. Her administrative claim was denied.

Plaintiff brings the following three claims: medical negligence (Count I), negligent

infliction of emotional distress (Count II), and negligent administrative practices and violations of federal law (Count III). Defendant has moved to dismiss all three counts for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## Legal Standard

In a facial challenge to subject matter jurisdiction pursuant to Rule 12(b)(1), the court applies the same standard as that used to analyze a motion brought under Rule 12(b)(6). *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013). Therefore, to survive the motion to dismiss a plaintiff must allege sufficient facts which, when accepted as true and with all inferences drawn in her favor, state a facially plausible claim. *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020). It is the burden of the party invoking a court's jurisdiction to establish it by a preponderance of the evidence. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

## Analysis

Defendant argues that this court lacks subject matter jurisdiction over two of Plaintiff's claims based on the Veterans' Judicial Review Act (VJRA) of 1988. The VJRA provides:

> The Secretary [of VA] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). "[T]he district court does not have jurisdiction over a benefits claim once the Secretary decides under a law affecting benefits." *Jones v. United States*, 727 F.3d 844, 847 (8th Cir. 2013). Instead, the VJRA provides several levels of appeal going through the Board of Veterans' Affairs, then the Court of Appeals for Veterans Claims, then to the Federal Circuit, and finally to the Supreme Court. *Mehrkens v. Blank*, 556 F.3d 865, 869 (8th Cir. 2009) (citing

3

38 U.S.C. §§ 7104, 7252(a), 7292, and 7291).

Plaintiff argues that she is not seeking a review of benefits under the VJRA but is instead making a claim for medical negligence and abandonment of care under the FTCA. The FTCA gives district courts

> "exclusive jurisdiction of civil actions on claims against the United States, for money damages... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 1346(b)(1). This is an exception to the sovereign immunity which otherwise shields the government from suit. *Hutchinson v. United States*, 71 F.4th 1115, 1117 (8th Cir. 2023) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

Courts have wrestled with the issue of when a claim can properly be brought under the FTCA or is precluded by the VJRA. Consider the cases collected in *Roberson v. United States*, No. 23-2583, 2024 WL 2104498, at *2 (3d Cir. May 10, 2024):

> Courts have held that the VJRA does not bar true FTCA claims. *See, e.g., Tunac*, (holding that a claim "against a VA health care employee ... alleging injury from a negligent medical decision ... may proceed under the FTCA and is not barred by the VJRA"). And courts have developed rules to distinguish tort claims that can be heard under the FTCA from unreviewable benefits claims cloaked in tort language. *See Smith*, (outlining the relevant cases and principles); *see also Tunac; Thomas v. Principi*, (asking "whether adjudicating [the] claims would require the district court to determine first whether the VA acted properly in handling [a] benefits request").

(cleaned up) *(*citing *Tunac v. United States*, 897 F.3d 1197, 1205 (9th Cir. 2018); *Smith v. United States*, 7 F.4th 963, 978-84 (11th Cir. 2021); and *Thomas v. Principi*, 394 F.3d 970, 974-75 (D.C. Cir. 2005)).

Viewing the allegations in the SAC in light of these cases, the Court finds that Counts I

4

and II of the SAC are barred by the VJRA. Count I asserts "medical negligence," alleging that Defendant it failed to provide treatment, failed to authorize community care at CARTI pursuant to the Mission Act, and administrative and clinical abandonment. Count III alleges negligent administrative practices arises out of the denial of Plaintiff's eligibility for community care at CARTI pursuant to the Mission Act. Specifically, this count alleges that the VA staff failed to properly document and respond to her communications related to care denials and improperly billed Plaintiff by billing her private insurance. Both counts stem from the Secretary's decision to deny Plaintiff benefits pursuant to the Mission Act. Neither involves a negligent medical decision or action. As such, these claims arise "under a law that affects the provision of benefits by the Secretary to veterans" and judicial review by this court by is precluded the VJRA. *See Smith v. United States*, 7 F.4th 963, 986 (11th Cir. 2021) (finding that the court lacked subject matter jurisdiction over claims that the VA failed to timely approve and authorize care or payments; that the VA staff were negligent in conducting ministerial acts; and that the VA followed its own policies.)

In her opposition brief, Plaintiff argues that a VA physician "had already assumed responsibility for her care" and that "the VA initiated [her] treatment only to abruptly abandon it through the actions of one if its physicians." (Doc. 29, p. 9, 10). The allegations of her SAC do not support this argument. The SAC contains one conclusory allegation (found that under the heading "Parties") that "Plaintiff actively received care from the VA and, *prior to the events alleged*, depended on VA physicians for treatment of her caner, chronic pain, seizures, and respiratory conditions. (Doc. No. 23, ¶ 2) (emphasis added). There are no factual allegations that she received any medical care from the VA for her medical issues that arose in March of 2022 or

that any medical decision was made by the VA physicians and staff. As her recitation of the facts makes clear, after the VA denied her claim for community care benefits pursuant to the Mission Act of 2018, 38 U.S.C. § 1703, she went to CAVHS but was not treated.

In Count II of the SAC, Plaintiff asserts a claim for negligent infliction of emotional distress. Sovereign immunity under the FTCA is only waived for negligent or wrongful acts of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As it has plainly stated, "Arkansas does not recognize the tort of negligent infliction of emotional distress." *Dowty v. Riggs*, 2010 Ark. 465, 6, 385 S.W.3d 117, 120 (2010). Plaintiff's claim for negligent inflection of emotional distress is barred by Defendant's sovereign immunity, and the Court does not have subject matter jurisdiction over this claim.

Conclusion

The Court lack subject matter jurisdiction over Plaintiff's claims, and Defendant's second motion to dismiss (Doc. No. 25) is GRANTED. A separate judgment bill be entered.

IT IS SO ORDERED this 12th day of March, 2026.

_____
JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE